IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

DOR MOEDIM Under Alias, )

Plaintiff, )

)

v. )

)

CITY OF CHICAGO, )

CHICAGO POLICE DEPARTMENT, )

COOK COUNTY, )

COOK COUNTY SHERIFF'S OFFICE, )
COOK COUNTY JOHN DOE OFFICER 1-2, )

CPD OFFICER ADNARDO GUTIERREZ, )

CPD OFFICER MATTHEW SAVAGE, )

CPD OFFICER ALVIN M. DIMALANTA, )
CPD OFFICER MATTHEW SCANLAN, )

JOHN DOE OFFICERS 1-10, )

)

Defendants. )

**Case No.: 25-cv-02019**
**Judge Jeffrey I Cummings**
**Magistrate Judge Jeffrey Cole**
**RANDOM / CAT 2**

FILED

FEB 2 6 2025 TG

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Case No.: [To be assigned BY CLERK}
#__________________

JURY TRIAL DEMANDED

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(FILED UNDER SEAL & ALIAS)

# FEDERAL COMPLAINT (FILED UNDER SEAL & ALIAS)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

Plantiff under alias for personal safety, brings this action for obstruction of justice...

## I. INTRODUCTION

1.Plaintiff DOR MOEDIM, proceeding pro se and under alias for personal safety, brings this action for false arrest, excessive force, conspiracy, obstruction of justice, and violations of both federal and state law, arising from a violent crime on or about February 26, 2023 in which attackers desecrated religious or spiritual artifacts, inflicted serious injuries on Plaintiff, the Police Department set in motion a wrongful arrest supported by systemic misconduct. Subsequently, additional violations of rights has recently occurred and or discovered as of February 19, 2025.

2.Defendants' actions violate 42 U.S.C. §§ 1983, 1985, 1986, multiple federal criminal statutes (including but not limited to 18 U.S.C. §§ 241, 242, 1503, 1001, 3771, 249) as persuasive or complementary authority, the Fourth, Fifth, Eighth, and Fourteenth Amendments, the Americans with Disabilities Act (42 U.S.C. § 12132), and Illinois state tort law (False Arrest, IIED, Malicious Prosecution, etc.).

3.Plaintiff seeks compensatory and punitive damages, injunctive relief, and declaratory relief declaring Defendants' conduct unlawful. Plaintiff stands ready to settle if it spares all parties further harm and obstruction.

## II. JURISDICTION & VENUE

4.This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. §§ 1983, 1985, 1986, along with supplemental jurisdiction over state claims (28 U.S.C. § 1367).

5.Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b), since all events took place in Chicago, Illinois.

## III. PARTIES

6.Plaintiff [DOR MOEDIM] is a long time Community Health Scientist of Illinois, proceeding under alias due to credible threats.

7.City of Chicago oversees Chicago Police Department (CPD).

8.Chicago Police Department is responsible for CPD officers' training and conduct.

9.Cook County oversees the Cook County Sheriff's Office, responsible for the jail and its officers.

10.Cook County Sheriff's Office and its employees committed or authorized misconduct, including excessive force.

11.CPD Supervising Officers Adnardo Gutierrez, Matthew Savage, Officer Alvin M. Dimalanta, and John Doe Officers 1-10 participated in or facilitated the violations described herein.

## IV. FACTUAL ALLEGATIONS

12.On or about February 26, 2023, Plaintiff was the victim of a violent crime in which attackers desecrated religious/spiritual artifacts, used hostile or possibly biased slurs, and inflicted stab wounds, some requiring trauma surgery and other wounds thankfully not deep, to front, head and chest of Plaintiff.

13.Despite calling 911 for help multiple times during the attack and or prior, Plaintiff was wrongfully arrested by CPD, who ignored exculpatory footage and statements.

14.At the hospital, police officers obstructed proper health recovery and used excessive force by tightening handcuffs, and other actions, claiming Plaintiff is required to endure certain medical treatments, and shackling Plaintiff post-surgery despite his physical condition and compliant manors, indicated in the medical notes and all lab testings indicating no use or detection of alcohol or drugs. The CPD officers non-the less were intent on obstructing Plaintiff's right to refuse or choose care.

15.Officer at The hospital refused to investigate home security footage available with Plaintiff at the hospital, or call supervising officers.

16.Body-camera footage shows the attackers giving contradictory statements (e.g., claiming no access to the top-floor unit but later captured entering and removing items). Hospital records confirm Plaintiff's stab wounds, and frontal wounds, but officers dismissed these facts.

17.Supervisory personnel told subordinates to write "whatever," discouraging a proper investigation, despite attackers changing stories, or caught on security camera entering unit 3 after telling local PD multiple times they do not have access to said unit, etc.

18.At end of body came footage recently discovered, Officer John Doe is trying to go over findings, however, supervising officer interrupts, leaving both subordinate offers with a look of shock on their face, the supervising officer hands a paper to subordinate officers and speaks regarding a witness (The Plaintiff, had called 911 specifically naming the individual "AK" as attacker, The supervising officer whom clearly shows he did not perform due diligence, describes "AK" as "Witness" disregarding the fact AK was attacker with a deadly weapon, whom stabbed Plaintiff, and the Police Department had been informed multiple times by said witness AK themselves and through other means that "AK" was mentally ill, addicted to stimulates and had not been taking their mental health medication, spurring them into constant uncontrolled manic episodes, and potentially the department was aware of her release "AK" from a psychiatric ward within a two year time period, clearing suggesting non compes mentis.

19.Supervising officer is herd interrupting officers going over findings...Supervising officer cites credible of the mentally ill witness and no need to investigate further, and dictates to subordinate officer whom objects to supervising officers claim of facts, subordinate officer laughs quietly and the other rolls their eyes, and Supervising officer is heard trying to dictate a

story, "um and," changes his story or indicates he is unsure..."whatever"..."its"..."Just stick to the basics."

20.Supervising Officer completely disregards fact he did not investigate unit where attack occurred, videos, the 911 caller, frontal wounds to head and chest and torso, and subordinate officer tells supervising officer, "you should see him, that why I called you."

21.Supervising Officers failed to investigate prior abuse of law or reckless wonton abuse, Perjuries or false statements by stabbers, drug usage by the stabbers, threats to kill, and violent behaviors and direct claims that they need mental health manic medications.

22.At end of video supervising officer is herd saying instructing subordinate officer to make solicitation of complaint from the stabbers.

23.Defense counsel and a judge denied or delayed discovery in prior proceedings, obstructing Plaintiff's ability to raise these claims earlier and only recently has received some access to discovery. Toll requested for discovery delay and recovery of traumatic surgery and incident with civil rights violations.

24.February 19, 2025: Plaintiff discovered the wrongful arrest was placed in a national security database, causing repeated airport security stops or issues when plaintiff needs to report a crime or something suspicious. This newly revealed harm tolls any statute of limitations (fraudulent concealment or delayed discovery).

25.As a result of Defendants' actions, Plaintiff suffers physical injuries, emotional distress, reputational harm, loss monies earned, loss monies, and an ongoing fear of retaliation, and loss of perceived right to life. Settlement is sought to resolve the matter quickly and avoid prolonged litigation.

## V. CAUSES OF ACTION

Count 1 – 42 U.S.C. § 1983 (False Arrest)

•Defendants violated the Fourth and Fourteenth Amendments by arresting Plaintiff without probable cause.

Count 2 – 42 U.S.C. § 1983 (Excessive Force)

•Officers shackled Plaintiff post-surgery, over-tightened handcuffs, and obstructed medical care, violating the Fourth, Eighth, and Fourteenth Amendments.

Count 3 – 42 U.S.C. § 1985 (Conspiracy)

•Defendants conspired to suppress exculpatory evidence, file false reports, and obstruct justice, depriving Plaintiff of civil rights.

Count 4 – 42 U.S.C. § 1986 (Neglect to Prevent Conspiracy)

•Supervisors knew of the conspiracy but failed to intervene or stop it.

Count 5 – Americans with Disabilities Act (42 U.S.C. § 12132)

•Officers interfered with Plaintiff's post-surgery needs, failing to accommodate physical limitations and ignoring medical directives.

Count 6 – Additional Federal Statutes (Persuasive/Complementary)

•18 U.S.C. §§ 241, 242: Deprivation of Rights under Color of Law.
•18 U.S.C. §§ 1503, 1001: Obstruction of Justice, False Statements.
•18 U.S.C. § 3771: Victims' Rights.
•18 U.S.C. § 249: Crimes Involving Bias.

Count 7 – Supplemental State Law Claims

•False Arrest / Imprisonment
•Intentional Infliction of Emotional Distress (IIED)
•Malicious Prosecution, Conspiracy, or other state torts as discovered.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests:

1.Compensatory damages (physical, emotional, reputational) plus costs (including travel obstructions).
2.Punitive damages against individual officers for willful or malicious conduct.
3.Declaratory relief that Defendants' actions violated Plaintiff's constitutional rights.
4.Injunctive relief requiring preservation and disclosure of all body-cam footage, logs, and communications.
5.Leave to Amend as new evidence is discovered and understood.
6.Any other relief deemed just and proper.

Dated: February 26, 2025

Dor Moedim
Under Alias for Safety Concerns
Pro Se Plaintiff