**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TAMEM ADI, | ) | |
| | ) | |
| Plaintiff, | ) | No.     25-cv-2019 |
| | ) | |
| v. | ) | Judge:  Jeffrey I Cummings |
| | ) | Magistrate Judge: Albert Berry III |
| CITY OF CHICAGO, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO STAY DISCOVERY AS TO THE *MONELL* CLAIMS (OPPOSED)**

Defendants City of Chicago ("the City"), by and through one of its attorneys, Simerdeep Kaur, Assistant Corporation Counsel Supervisor for the City of Chicago, and Sheriff of Cook County Thomas Dart, in his official capacity, by and through his attorney Eileen O'Neill Burke, State's Attorney of Cook County, through her Assistant State's Attorney, Jeremiah Kemper, (collectively, "Defendants") respectfully move this Honorable Court to stay discovery as it pertains to Plaintiff's *Monell* claims against the City and Sheriff Dart. In support of this motion, Defendants state as follows:

**BACKGROUND**

This instant lawsuit arises out of Plaintiff's arrest on February 26, 2023. *See* Plaintiff's Third Amended Complaint, Dkt. No. 29 at ¶ 1 ("Plf.'s Compl."). Specifically, Plaintiff alleges that several Chicago police officers arrested him without probable cause, ignored "exculpatory evidence," and subjected him to unfair criminal proceedings, and then subjected him to retaliatory car towing years after the arrest. Plf.'s Compl. at ¶¶ 12-14. In addition to claims against the City, Plaintiff also alleges that "a correctional officer . . . forcibly manipulated" his hand "causing additional injury and pain." *Id.* at ¶ 17.

Based on the February 26, 2023, interaction, Plaintiff brings sixteen (16) claims against a variety of defendants, including the City of Chicago and Sheriff Dart. In addition to suing two named Chicago

1

police officers, Plaintiff sues the City for its own actions under 42 U.S.C. § 1983 ("section 1983") pursuant to *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Plaintiff's *Monell* claim against the City is casts a broad net as Plaintiff alleges that the "City's policies/customs and deliberate indifference – including failures to train/supervise on lawful arrests; investigative integrity; preservation/ disclosure of BWC/911/CAD and exculpatory evidence; toleration of supervisory directives to "write whatever", unreasonable custodial restraints and medical inference; and retaliatory towing." *Id.* at ¶ 47. Plaintiff also brings an Americans with Disabilities Act claim against the City. *Id.* at ¶ 42.

Plaintiff also brings eight Counts against Sheriff Officers, the Sheriff of Cook County in his official capacity, and Cook County. Plaintiff brings a *Monell* claim against the "Sheriff of Cook County, official capacity," and specifically alleges that, "The Sheriff's customs/policies regarding booking and medical interactions . . . were moving causes of Plaintiff's injuries." *Id.* at ¶ 55.

On February 20, 2026, Sheriff Dart filed a fully dispositive motion to dismiss Plaintiff's claims against him. Dkt. 32. Sheriff Dart argues that Plaintiff has not sufficiently pled a *Monell* or ADA claim and further argues that Sheriff Dart should not be kept in this case as a nominal defendant because Plaintiff has not properly stated "a claim against any individual Sheriff or County personnel or entity." *Id.* at pg. 10.

On March 20, 2026, the City filed a fully dispositive motion to dismiss Plaintiff's *Monell* and the ADA claim, which are the only independent claims against the City. Dkt. No. 38. The City argues that these claims are inadequately pleaded as they rely solely on Plaintiffs' own experiences without sufficient well-pled facts to infer the existence of the alleged widespread practices. Additionally, Plaintiff fails to demonstrate deliberate indifference and "moving force" causation, essential elements under *Monell.*

**ARGUMENT**

The Court should stay discovery as to the *Monell* claim against Defendants while it considers Defendants' pending motions to dismiss for purposes of judicial economy and to avoid the undue burden and unnecessary expense of extensive discovery, as Defendants' pending motions to dismiss may be dispositive of the *Monell* claims and discovery on those claims will be independent of discovery on the underlying claims.

A stay of discovery may be granted to "protect a party or person from annoyance, embarrassment, oppression *or undue burden or expense.*" Fed. R. Civ. P. 26(c). "Federal Rule of Civil Procedure 26(c) permits a court to control the scope and sequence of discovery." *Medina v. City of Chicago*, 100 F. Supp. 2d 893, 898 (N. D. Ill. 200).   Stays of discovery pending a 12(b)(6) motion are "granted with substantial frequency." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005).  The decision to issue a stay rests within the sound discretion of the trial court. *Doe v. City of Chi.*, 360 F.Supp.2d 880, 881 (N.D. Ill. 2005) ("The court has the inherent power to stay civil proceedings, postpone civil discovery, or impose protective orders when the interests of justice so dictate."); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Stays of discovery are particularly appropriate where a pending motion can completely resolve the case. *See Simstad v. Scheub*, No. 2:07 CV 407, 2008 WL 1914268, at *1 (N.D. Ind. Apr. 29, 2008) ("Limitations on pretrial discovery are appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery.") (internal citations omitted). In determining whether to grant a stay, a court may consider the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the

3

burden of litigation on the parties and on the court. *Sadler as Tr. of Larry R. Sadler Irrevocable Trust v. Retail Props. of Am., Inc.*, No. 12 C 5882, 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013). Here, each of these three factors support a stay of *Monell* discovery.

First, a stay will not prejudice or tactically disadvantage Plaintiff. The Defendants' Rule 12(b)(6) motions raise fundamental and straightforward issues. If the motions are granted, they would dismiss the *Monell* claims entirely, thereby negating the need for any discovery on them. The City would thus remain a party in this case solely for the purposes of convenience because indemnification will enable Plaintiff to collect judgment should he prevail against the Officer Defendants. If Sheriff Dart's motion is granted in its entirety, he would no longer be a party to this case. Further, if the Defendants' motions are granted, Plaintiff will benefit by not having to devote time and energy to litigating a deficient claim. Indeed, "the burdens of *Monell* discovery and proof are greater due to the department's size." *Medina*, 100 F. Supp. 2d at 895. Thus, it makes little sense for the parties to commence burdensome, in-depth discovery where there may be no policy claims against the City or Sheriff. Even if the motions to dismiss are ultimately denied, Plaintiff will not be disadvantaged by a stay. Plaintiff will still be entitled to *Monell* discovery post-denial, and there is no reason to believe that he will have any less of an ability to pursue such a claim. Furthermore, it is unlikely that discovery would produce facts necessary to defeat the motion as the Defendants' motions consider Plaintiffs' TAC pursuant to pleading standards. Moreover, discovery will proceed on the claims against the City of Chicago Officer Defendants as to the underlying incident. Thus, staying *Monell* discovery is unlikely to prejudice or tactically disadvantage Plaintiff in this case.

Second, a stay will unquestionably simplify the issues in question. Without the stay in place, the parties will have to conduct discovery as to any evidence supporting the variety of alleged widespread practices that Plaintiff asserts existed at the time of his incident. *Monell* claims are not simple to begin with, however, Plaintiff has cast an even wider net than usual with his sprawling *Monell*

4

claim. In addition to the alleged widespread practices themselves, the parties will also have to conduct discovery as to the Defendants' final policymakers' alleged deliberate indifference to these widespread practices and whether these alleged practices were in any way the "moving force" behind the alleged constitutional violations. Plaintiff's policy-related allegations span a wide range of issues and implicate a number of sources that would multiply the complexity of the litigation many times over. Plaintiffs' *Monell* claims as pleaded would necessitate discovery into hundreds of cases of alleged police misconduct; the 2017 U.S. Department of Justice Report; the Consent Decree; the functioning of the Civilian Office of Police Accountability and other City agencies; the training practices not just of the Defendants but of other municipalities, and other subjects. On its face, the Monell discovery would greatly overwhelm the discovery as to the underlying incident. Removing *Monell* discovery, even if temporarily, will immensely streamline the issues until it is apparent that the independent claims against the Defendants must be litigated.

Third, a stay would reduce the burden of litigation on the parties and the Court. *Monell* discovery is inherently voluminous. The parties would need to dedicate resources to delving into all the aforementioned subjects, and possibly more. A stay on *Monell* discovery will reduce the burden on the Defendants to produce potentially thousands of pages of materials unrelated to the underlying case, as well as other affirmative documentation or responses to discovery requests.  It will avoid discovery disputes likely to be inevitable, as well as avoid the need for a party to seek the assistance of the Court to resolve them. A stay will reduce the burden of both the parties in the event the Court determines the issues raised in the Defendants' motions to dismiss are dispositive of even some of the independent claims against the Defendants. Allowing discovery at this time could wrongly impose "avoidable" and "unnecessary" costs to the litigants and to the court system. Again, it should be noted that the City has no objection to responding to discovery regarding the underlying claims.

For reasons similar to the foregoing, other courts in the Northern District of Illinois have

similarly stayed *Monell*-related discovery during the pendency of a motion to dismiss. *See, e.g., Jackson v. City of Chicago, et al.,* Case No. 25-cv-3952, (N.D. Ill. Oct. 27, 2025) Dkt. No. 39; *King v. City of Chicago, et al.*, Case No. 25-cv-1216 (N.D. Ill. Aug. 6, 2025) Dkt. No. 76; *Payton, et al., v. City of Chicago, et al.,* Case No. 19-cv-048498 (N.D. Ill. Jan. 22, 2025) Dkt. No. 189; *Lynida Williams-Saddler v. Craig Lancaster, et al.*, Case No. 23-cv-4815 (N.D. Ill. Nov. 9, 2023) Dkt. No. 30; *Donald Townsel v. City of Chi., et al.*, Case No. 21-cv-4732 (N.D. Ill. May 23, 2020), Dkt. No. 120. While these decisions are not controlling on this Court Defendants submit that these decisions are persuasive authority for such a stay.

A stay of *Monell* discovery is particularly warranted as to Sheriff Dart. *Monell* claims require an underlying constitutional violation. See *First Midwest Bank ex rel. LaPorta v. City of Chicago*, 988 F.3d 978, 987 (7th Cir. 2021). At this time, Plaintiff has not identified and served any individual CCDOC officers alleged to have caused him any injury, and Sheriff Dart's motion to dismiss would resolve all claims against Sheriff Dart. There are no other Sheriff's Office defendants who have answered the TAC.

WHEREFORE, for the foregoing reasons, the City and Sheriff Dart, in his official capacity, respectfully request that this Honorable Court stay discovery as it pertains to Plaintiff's *Monell* claims until such time the Honorable Court rules on the Defendants' motions to dismiss, and for any other relief deemed just by this Honorable Court.

Dated: June 2, 2026.

Respectfully Submitted,

CITY OF CHICAGO

By:  */s/ Simerdeep Kaur*
Simerdeep Kaur
*One of the Attorneys for Defendant City of Chicago*

Simerdeep Kaur, Assistant Corporation Counsel Supervisor
Marion Moore, Chief Assistant Corporation Counsel
City of Chicago Department of Law
2 N. LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 744-2026
Simerdeep.kaur@cityofchicago.org

Jeremiah Kemper
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-1831
jeremiah.kemper@cookcountysao.org
**Counsel for Defendant Sheriff Dart, in his official capacity**