TE

BC FILED 6/17/2026 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMEM ADI, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) No. 1:25-cv-02019 |
|   v. | ) |
| | ) Hon. Jeffrey I. Cummings |
| CITY OF CHICAGO, et al., | ) Magistrate Judge Albert Berry III |
| | ) |
|   Defendants. | ) |

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY
DISCOVERY AS TO THE MONELL CLAIMS**

**INTRODUCTION**

Defendants ask the Court to carve the Monell claims out of discovery and freeze them while their motions to dismiss are pending, on the theory that Monell discovery is "independent" of the discovery on the underlying claims and would impose a lopsided burden. Both premises are wrong on this record. The conduct at the center of Plaintiff's individual claims—a supervising sergeant's recorded on-scene direction to subordinates to "write whatever" and "stick to the basics," the officers' refusal to view offered exculpatory video, the alleged failure to preserve and disclose body-worn-camera ("BWC"), OEMC/911, and CAD records, and the handling of seized evidence—is the same conduct that supplies the factual core of the Monell claims for report-integrity, evidence-preservation, code-of-silence, and failure-to-train practices. The witnesses are the same officers. The documents are the same files. A stay would not separate two independent tracks; it would split a single, overlapping body of proof in two, forcing the same depositions and the same document review to be done twice—the very duplication, expense, and delay Rule 26 is meant to prevent.

A stay would also prejudice Plaintiff in a way Defendants do not address. Plaintiff alleges that the City failed to preserve and disclose the very categories of electronic evidence—BWC, 911, and CAD—that a Monell stay would now place off-limits. Postponing that discovery heightens the risk that time-sensitive records degrade, are overwritten, or disappear, and it further delays a case already turning on a February 2023 incident.

Finally, the motion rests on a prediction that the pending motions to dismiss will eliminate the Monell claims. That prediction is contested, premature, and—even if partly correct—would not empty the case: the individual Fourth Amendment claims and the City's indemnification role keep the core discovery alive regardless. The motion should be denied. If the Court is inclined to manage rather than freeze Monell discovery, the appropriate course is phased discovery with immediate preservation, not a blanket stay.

## I.  A STAY OF DISCOVERY IS THE EXCEPTION, AND DEFENDANTS BEAR THE BURDEN OF JUSTIFYING ONE.

A pending motion to dismiss does not, by itself, justify staying discovery. The power to stay is "incidental" to a court's authority to control its docket, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), but the party seeking the stay must justify it; *Landis* requires the movant to make out a clear case of hardship or inequity before discovery is halted. Defendants invoke the three factors recognized in this District: (1) whether a stay will prejudice or tactically disadvantage the non-moving party; (2) whether it will simplify the issues; and (3) whether it will reduce the burden of litigation on the parties and the Court. Mot. 3–4. Properly applied to this record, each factor cuts against a stay. Defendants' own authority confirms that even where stays pending Rule 12(b)(6) motions are "granted with substantial frequency," *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (cited at Mot. 3), they are not automatic; the propriety of a stay turns on

whether the challenged discovery is genuinely separable and whether the motion would actually dispose of the case. Here, neither condition is met.

## II. MONELL DISCOVERY HERE IS NOT INDEPENDENT OF THE UNDERLYING-CLAIM DISCOVERY—IT SUBSTANTIALLY OVERLAPS WITH CORE INCIDENT AND IDENTITY DISCOVERY.

Defendants' lead premise is that Monell discovery "will be independent of discovery on the underlying claims." Mot. 3. The record refutes it.

**A. The witnesses are the same.** The Monell practices Plaintiff pleads—false reporting and material omissions; failure to review, preserve, and disclose BWC, 911, CAD, and video evidence; toleration of supervisory report-conforming directives such as "write whatever" and "stick to the basics"; failure to intervene or report misconduct; and failure to train and supervise on probable-cause determinations, evidence preservation, and supervisory review of arrest reports (Compl. ¶¶ 26–33, 47–54)—are proved through the testimony of the very individuals whose conduct underlies the individual claims: Sgt. Dimalanta, the responding officers, Detective Scanlan, Officer Savage, and Commander Gutiérrez. Those officers will be deposed about the incident in any event. Staying Monell discovery would simply require deposing them a second time, later, about the policy dimension of the same events.

**B. The documents are the same.** The documentary core is identical: Sgt. Dimalanta's BWC and the first responders' BWC, the OEMC/911 and CAD records, the building hallway video, and the evidence- and device-handling records. Defendants concede they will produce incident-related discovery now and have "no objection to responding to discovery regarding the underlying claims." Mot. 5. Much of the Monell-relevant material—these officers' reports, their BWC, the dispatch records, and the disciplinary and reporting history of these specific officers—

is the same set of files or a modest extension of it, not a separate universe.

**C. The supervisory direction is, at once, individual-claim evidence and Monell evidence.** The recorded "write whatever"/"stick to the basics" direction is both the factual predicate of Plaintiff's individual fabrication, failure-to-intervene, and conspiracy theories and the on-the-ground manifestation of the report-integrity and code-of-silence practices the Monell claim alleges. (Compl. ¶¶ 15, 18, 26–33.) There is no way to take discovery on one without taking discovery on the other.

Where the municipal claim and the individual claim arise from the same events and depend on the same witnesses and the same documents, staying or bifurcating Monell discovery multiplies rather than reduces the work: the same officers must be deposed twice and the same files reviewed twice. The parties themselves contemplated a single, unified track: in their Joint Status Report, the Defendants proposed keeping all Defendants "on the same discovery schedule." That is the efficient course—and it is irreconcilable with the bifurcated, serial discovery a stay would impose.

## III. A STAY WOULD PREJUDICE PLAINTIFF AND RISK LOSS OF THE VERY EVIDENCE AT ISSUE.

Defendants assert a stay would not prejudice Plaintiff because he can pursue Monell discovery later. Mot. 4. That ignores the specific nature of this case. Plaintiff alleges that the City's practices include the failure to preserve and disclose BWC, 911, and CAD records, and that material exculpatory video existed and was withheld. (Compl. ¶¶ 18–20, 23, 30–31, 47.) Electronic records of this kind are time-sensitive: retention periods lapse, systems overwrite, and devices are reassigned. Postponing discovery into the existence, custody, and preservation of those records is not a neutral delay—it compounds the very risk Plaintiff has pleaded. Preservation and production of those records should move forward now, not after a months-long stay and a ruling that may be

far off.

Delay independently prejudices Plaintiff because the events occurred in February 2023. Memories continue to fade, and the longer Monell discovery is deferred, the less reliable the testimony of the same officers becomes on both the incident and the practices. As a pro se litigant, moreover, Plaintiff—not the institutional Defendants—would bear the disproportionate burden of serial, duplicative discovery: two rounds of the same depositions and two rounds of the same document review.

## IV.     THE PENDING MOTIONS TO DISMISS DO NOT WARRANT A STAY.

The motion's animating premise is that the Rule 12(b)(6) motions will dispose of the Monell claims. That does not justify a stay, for three reasons.

**First**, the prediction is contested and premature. As set out in Plaintiff's Consolidated Opposition (Dkt. 53), the operative complaint pleads municipal action through specific, identified practices, deliberate indifference supported by pre- and post-incident notice, and moving-force causation, and need not, at the pleading stage, identify other victims of the same practice. A stay cannot rest on the assumption that a contested motion will be granted.

**Second**, even a partial dismissal would not empty the case of the overlapping discovery. The individual Fourth Amendment claims—false arrest, fabrication, malicious prosecution, and excessive force—turn on the same witnesses and the same records, and Defendants concede the City will remain in the case for indemnification purposes. Mot. 4. The discovery the stay targets will therefore proceed in substance regardless of how the motions are decided.

**Third**, a stay movant must do more than assert that its own dispositive motion is strong. The motions are merits-contested, the discovery overlaps, and the prejudice to Plaintiff is concrete —so the balance the Court must strike favors proceeding, not freezing.

## V.     DEFENDANTS OVERSTATE THE BURDEN; THE ANSWER IS PROPORTIONAL, PHASED DISCOVERY—NOT A STAY.

Defendants describe Monell discovery as inherently sprawling—"hundreds of cases," the 2017 DOJ Report, the Consent Decree, the functioning of COPA and other agencies, and the training practices of other municipalities. Mot. 4–5. But Plaintiff does not need all of that at once, and Rule 26(b)(1)'s proportionality standard already lets the Court calibrate the scope of discovery without a categorical stay. Plaintiff is prepared to proceed in sensible sequence: (1) immediate preservation of all BWC, OEMC/911, CAD, device-access, and report records connected to the incident; (2) written discovery and production tied to this incident and to the specific practices pleaded, including the disciplinary and reporting history of the named officers; and (3) broader pattern discovery thereafter, on a schedule the Court sets. That approach addresses Defendants' burden concern while avoiding the duplication, delay, and prejudice a stay would create. The proper tool for an overbroad request is a targeted proportionality objection or a protective order narrowing scope—not freezing an entire category of claims.

## VI.     SHERIFF DART'S SEPARATE GROUND FOR A STAY IS CIRCULAR.

Sheriff Dart adds that, because Plaintiff has not yet identified and served the individual Sheriff's officer, there is no underlying violation and no Monell discovery is warranted. Mot. 6–7. That argument is circular. The identity of the booking and fingerprinting officer who allegedly wrenched Plaintiff's injured hand (Compl. ¶ 17) is information within the Sheriff's control, obtainable only through the very discovery the Sheriff seeks to stay. Defendants cannot withhold the discovery that would identify the officer and then invoke the absence of a named officer as the reason to withhold it. Whether an underlying violation exists is a merits question on a motion not yet decided; it is not a basis to halt discovery. *First Midwest Bank ex rel. LaPorta v. City of*

*Chicago*, 988 F.3d 978 (7th Cir. 2021), states the substantive rule that Monell liability requires an underlying violation; it does not hold that a plaintiff may be denied the discovery needed to prove one.

## VII.  AT MINIMUM, ANY STAY MUST EXPRESSLY EXCLUDE IDENTITY, INCIDENT, PRESERVATION, AND OVERLAPPING DISCOVERY.

If the Court is inclined to sequence discovery, Plaintiff respectfully requests that any stay be narrowly limited to broad citywide or countywide aggregate pattern discovery. A stay should not apply to discovery that is necessary to identify Doe defendants, preserve evidence, test Defendants' probable-cause and personal-involvement defenses, or obtain incident-specific records.

At minimum, discovery should proceed as to: (1) the identities of all John Doe CPD officers and John Doe Cook County Sheriff's officers; (2) BWC, Axon/Evidence.com metadata, audit logs, 911/OEMC, CAD, dispatch, and radio records; (3) arrest reports, report drafts, report revisions, approvals, notes, and communications concerning the arrest narrative; (4) communications among Dimalanta, Husic, Trahanas, Scanlan, Savage, hospital officers, dispatchers, and supervisors; (5) evidence/property records, chain-of-custody records, phone/device access logs, and records concerning Plaintiff's clothing and electronic devices; (6) records concerning receipt, review, forwarding, disclosure, or non-disclosure of Plaintiff's building-security video; (7) hospital officer identities, assignments, BWC, restraint records, and medical-custody communications; (8) Cook County Sheriff intake, booking, fingerprinting, assignment, post, roll-call, video, use-of-force, and medical-screening records concerning Plaintiff; (9) July 7, 2025 tow records, including the identity of the authorizing officer and the sign, restriction, hearing, and tow records; and (10) litigation-hold and preservation records.

These categories are not merely Monell discovery. They are core discovery on probable cause, fabrication or omission of material facts, failure to intervene, excessive force, ADA accommodation, personal involvement, evidence preservation, retaliation, and identification of defendants. Defendants should not be permitted to block this discovery by labeling it "Monell."

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Stay Discovery as to the Monell Claims. In the alternative, if the Court is inclined to sequence discovery, Plaintiff requests that any stay be limited only to broad aggregate pattern/practice discovery and that the Court expressly permit identity, incident, preservation, BWC/OEMC/CAD, report, chain-of-custody, hospital, tow, and Sheriff intake/fingerprinting discovery to proceed immediately.

Respectfully submitted,

/s/ Tamem Adi
TAMEM ADI
Plaintiff, Pro Se
info@healthCareScienceConsulting.com
Sent via Clerk and Dated: June 17, 2026